# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL A. HARRIS,

        Petitioner,

v.                                             **Civil Action No.  5:05cv92**
                                             **(Judge Stamp)**

AL HAYNES,

        Respondent.

## REPORT AND RECOMMENDATION

On July 11, 2005, the *pro se* petitioner filed an Application for Habeas Corpus Under 28 U.S.C. § 2241.  Petitioner is an inmate at the Hazelton Penitentiary located in Bruceton Mills, West Virginia.  In the petition, Petitioner challenges the validity of a sentence imposed in the United States District Court for the Eastern District of Virginia.

On February 14, 2006, the undersigned conducted a preliminary review of the petition and determined that summary judgment was not appropriate at that time.  Accordingly, the Respondent was directed to show cause why the petition should not be granted.  The Respondent filed a response on March 21, 2006.  Petitioner filed his reply on March 21, 2006, and this matter is ripe for review.

### I.  Petitioner's Conviction and Sentence

Petitioner was convicted of one count conspiracy to distribute and possession with intent to distribute cocaine, two counts distribution of cocaine, one count using a communication device in violation of 21 U.S.C. § 843(b) and one count interstate travel to facilitate a conspiracy.  On June 1, 1993, Petitioner was sentenced to 264 months imprisonment.  Petitioner's sentence was affirmed on appeal by the Fourth Circuit.  See United States v. Harris, 28 F.3d 1211 (4th Cir. 1994).

On January 17, 1996, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. Petitioner's motion was denied and he appealed. On April 29, 1997, the Fourth Circuit affirmed the denial of Petitioner's § 2255 motion. See United States v. Harris, 112 F.3d 511 (4th Cir. 1997).

Petitioner next filed a Motion for Appropriate Relief with the sentencing court. Petitioner's motion was denied and that decision was affirmed on appeal. See United States v. Harris, 153 F.3d 723 (4th Cir. 1998).

In 2000, Petitioner filed for authorization with the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion. Petitioner's request was denied on September 26, 2000.

On October 23, 2000, Petitioner filed a § 2241 habeas corpus petition with the United States District Court for the District of New Jersey. At the time, Petitioner was confined at the Federal Correctional Institution in Fort Dix, New Jersey. In this application, Petitioner argued that he was sentenced in violation of the United States Constitution in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). On April 30, 2002, the New Jersey Court denied Petitioner's § 2241 habeas petition and Petitioner appealed. The denial of that case was affirmed on appeal by the Third Circuit on July 23, 2003.

In 2005, Petitioner again sought authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion. Once again, however, Petitioner's application was denied. This suit followed.

## II. Claims of the Petition

In the petition, Petitioner asserts that his sentence was illegally enhanced because facts not presented to the jury and proved beyond a reasonable doubt were considered by the Court at sentencing. Petitioner asserts that such facts show a jurisdictional defect and a violation of his constitutional rights. Accordingly, Petitioner asserts that his sentence is illegal. In support of his

claims, Petitioner cites to the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220

(2005).[1] More specifically, Petitioner asserts that the sentencing judge enhanced his sentence with

facts not presented to the jury and proved beyond a reasonable doubt. Petitioner's asserts that such

error is a jurisdictional or structural error that may be assessed at any time and is not bound or

restricted by time bars or procedural constraints. Thus, Petitioner argues that relief under § 2241

is appropriate.

### III. The Respondent's Response

In response to the petition, the Respondent asserts that it is generally recognized that federal

prisoners, must, as a general rule, invoke § 2255 instead of § 2241 to challenge the imposition of

a sentence. <u>See</u> Response at 3. The Respondent recognizes, however, that § 2255 contains a savings

clause which allows a prisoner to challenge the imposition of sentence under § 2241 where the

prisoner can show that § 2255 is inadequate or ineffective. <u>Id.</u> at 4. In order to show that § 2255

is inadequate or ineffective, the Respondent asserts that a federal prisoner must show that (1) at the

time of conviction, settled law of the Circuit or Supreme Court established the legality of the

conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive

law changed such that the conduct of which prisoner was convicted is deemed not to be criminal;

and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not

one of constitutional law. <u>Id.</u> (citing <u>In re Jones</u>, 226 F.3d 328, 333-334 (4th Cir. 2000)).

In this case, the Respondent argues that Petitioner was convicted and sentenced by the

---

[1] In <u>Booker</u>,, the Supreme Court held that the mandatory sentencing guidelines violated a
defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which
could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact
finding. Accordingly, the Court severed the unconstitutional provisions from the Sentence Reform Act
and made the guidelines advisory.

United States District Court for the Eastern District of Virginia. Moreover, the Respondent asserts that Petitioner has applied for § 2255 relief in that Court and that such relief was denied. In addition, the Respondent notes that Petitioner has twice sought authorization in the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion and that such relief has been denied. The Respondent therefore concludes that Petitioner's claims are ones normally raised under § 2255 rather than § 2241. In addition, because Petitioner has already filed a § 2255 motion and has been denied authorization to file a second one, he can only invoke § 2241 by showing that the remedy under § 2255 is inadequate or ineffective and in this instance he has failed to do so.

In addition, the Respondent argues that even if Petitioner were entitled to bring his claims under § 2241, Petitioner's Booker claim is without merit. Specifically, the Respondent asserts that Booker is not retroactive to cases on collateral review. Because Petitioner was sentenced in 1993, and his sentence was final and his § 2255 proceedings complete well before the Supreme Court's decision in Booker in 2005, the Respondent argues that Petitioner is not entitled to the benefit of the rule announced in Booker in these collateral proceedings. Thus, the Respondent asserts that Petitioner's § 2241 must be dismissed.

## IV. Petitioner's Reply

In his reply to the Respondent's Response, Petitioner asserts that the Respondent incorrectly characterizes his claim as an attempt to "clear some contrived hurdle to vault the Supreme Court decision in . . . Booker." See Reply at 1-2. In addition, the Petitioner argues that it is abundantly clear that § 2241 is the only avenue available to him to make his request. Petitioner also argues that he alludes to Booker in his petition merely to establish that he has been correct all along in contending that the United States Sentencing Guidelines were unconstitutionally applied in his case. Petitioner then argues that in light of the insight provided by the Supreme Court in Booker, the

district court lacked jurisdiction to sentence him. Finally, Petitioner reiterates that his claim is not based on Booker's retroactivity, but is instead, an argument against jurisdiction.

## V.  Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, supra, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-334.

Here, Petitioner clearly attacks the validity of his sentence rather than the means of execution and is seeking relief in this Court under § 2241 by attempting to invoke the savings clause of § 2255 by asserting a <u>Booker</u> claim. However, Petitioners' sentence became final and his first § 2255 motion was completed prior to the Supreme Court's decision in <u>Booker</u>. Thus, Petitioners' claim is foreclosed by the Fourth Circuit's decision in <u>United States v. Morris</u>, 429 F.3d 65 (2005), in which the Court found that <u>Booker</u> is not retroactively applicable to cases on collateral review. Accordingly, Petitioner cannot show that § 2255 is inadequate or ineffective to test the legality of his sentence and he is not entitled to relief under § 2241.

In addition, to the extent that Petitioner argues that his <u>Booker</u> claim is properly raised under § 2241 because it is jurisdictional and/or structural in nature, Petitioner is mistaken. Assuming, *arguendo*, that Petitioner's <u>Booker</u> claim can rightly be considered jurisdictional, the Supreme Court has found that § 2255 is the appropriate vehicle in which to correct jurisdictional errors. <u>See</u> <u>United States v. Addonizio</u>, 422 U.S. 178, 185 (1979). Moreover, the Fourth Circuit has already declined "to classify the error of sentencing a defendant under the pre-<u>Booker</u> mandatory guidelines regime as a structural error."[2] <u>United States v. White</u>, 405 F.3d 208, 222 (4th Cir. 2005).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this Recommendation, any party may

---

[2] "Structural error occurs only in the rare instance involving a 'structural defect affecting the framework within the trial proceeds, rather than simply an error in the trial process itself.'" <u>United States v. Nealy</u>, 232 F.3d 825, 830 n.4 (11th Cir. 2000) (quoting <u>Arizona v. Fulminate</u>, 499 U.S. 279, 111 S.Ct. 1246, 1265 (1991)). "Examples of structural error involve extreme deprivations of constitutional rights, such as denial of counsel, denial of self representation at trial, and denial of a public trial." <u>Id.</u> (citing <u>Neder v. United States</u>, 527 U.S. 1, 119 S.Ct. 1827, 1833 (1999)).

file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: March 8, 2007.


/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE