IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL A. HARRIS,

    Petitioner,

v.                                                  Civil Action No. 5:05CV92
                                                             (STAMP)

AL HAYNES,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

Pro se petitioner, Michael A. Harris, was convicted in the United States District Court for the Eastern District of Virginia of one count conspiracy to distribute and possession with intent to distribute cocaine, two counts distribution of cocaine, one count using a communication device in violation of 21 U.S.C. § 843(b) and one count interstate travel to facilitate a conspiracy. The petitioner was sentenced to 264 months imprisonment. His sentence was affirmed by the United States Court of Appeals for the Fourth Circuit. Thereafter, the petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and the application was denied. The Fourth Circuit affirmed the denial of the petitioner's § 2255 application.

The petitioner next filed a motion for appropriate relief with the sentencing court. The motion was denied and that decision was affirmed on appeal. The petitioner then filed an application with

the Fourth Circuit seeking permission to file a second or successive § 2255 motion. The request was denied.

Subsequently, the petitioner filed a § 2241 habeas corpus petition with the United States District Court for the District of New Jersey in which he asserted that he was sentenced in violation of the United States Constitution in light of the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). The District of New Jersey court denied the § 2241 petition and the decision was affirmed on appeal by the United States Court of Appeals for the Third Circuit. Thereafter, the petitioner again sought authorization from the Fourth Circuit to file a second or successive § 2255 petition. Once again, the petitioner's request was denied.

The petitioner then filed the instant petition in this Court for a writ habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner argues that his sentence was illegally enhanced because facts not presented to the jury and proved beyond a reasonable doubt were considered by the Court at sentencing. The petitioner contends that such facts show a jurisdictional defect and a violation of his constitutional rights.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. The respondent was directed to show cause why petitioner's application

should not be granted. The respondent filed a timely response and the petitioner replied thereto. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2241 application be denied and dismissed with prejudice. The petitioner filed objections and amended objections styled "Amendment to Objections and Response to Magistrates (sic) Report and Recommendation Motion for Reconsideration and/or Notice of Appeal in the Alternative."

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However,

3

the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. <u>In re Vial</u>, 115 F.3d at 1194 n.5 (citing <u>Tripati v. Henman,</u> 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by <u>Jones</u>. As noted by the magistrate judge, petitioner's claim pursuant to <u>United States v. Booker,</u> 543 U.S. 220 (2005), is unavailing because <u>Booker</u> is not retroactively applicable to cases on collateral review. <u>United States v. Morris,</u> 429 F.3d 65 (4th Cir. 2005). Thus, the petitioner has failed to show that the substantive laws have changed such that his conduct would no longer be deemed criminal.

Additionally, the petitioner's argument that his <u>Booker</u> claim is jurisdictional or structural is without merit. The appropriate vehicle for raising jurisdictional errors is 28 U.S.C. § 2255. <u>See</u> <u>United States v. Addonizio,</u> 442 U.S. 178, 185 (1979). Only if §

4

2255 is ineffective, may a petitioner seek relief pursuant to 28 U.S.C. § 2241. In this case, the petitioner has failed to show that § 2255 is inadequate or ineffective to test the legality of his detention. Moreover, as correctly noted by the magistrate judge, the Fourth Circuit has declined "to classify the error of sentencing a defendant under the pre-Booker mandatory guidelines regime as structural error." United States v. White, 405 F.3d 208, 222 (4th Cir. 2005).

The petitioner objects that "this is a claim of jurisdictional defect resulting in irreparable structural error to the conviction obtained against the Petitioner" and again argues that Booker constitutes a substantive law change for the purposes of the Jones test. These objections cannot save petitioner's § 2241 application from dismissal. As stated above, §2241 is not an appropriate vehicle for jurisdictional and structural challenges. Additionally, the Fourth Circuit has held that Booker is not retroactively applicable to cases on collateral review. Morris, 429 F.3d 65. Accordingly, because the petitioner has not satisfied the Jones test, his § 2241 petition must be denied.

### III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and

5

recommendation. Accordingly, it is ORDERED the petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2253(c)(certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno,</u> 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   October 23, 2007

                                            <u>/s/ Frederick P. Stamp, Jr.</u>
                                            FREDERICK P. STAMP, JR.
                                            UNITED STATES DISTRICT JUDGE